## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:06-cr-78–HEH |
| | ) | |
| GARY ALAN RINEHULTS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
### (Granting Defendant's Motion for Compassionate Release)

This matter is before the Court on Gary Alan Rinehults's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (as amended) (the "Motion" ECF No. 39), filed on September 6, 2020. Due to his severe medical conditions and the threat posed by the novel coronavirus ("COVID-19"), Defendant seeks to serve the remainder of his sentence on home confinement. The Government does not oppose Defendant's Motion and agrees that it is appropriate for Defendant to serve the remainder of his prison term on home confinement. (Gov't Resp. at 1, ECF No. 42.) The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Crim. R. 47(J). For the reasons discussed below, the Court will grant Defendant's Motion for Compassionate Release. The remainder of Defendant's period of confinement will be served on home confinement, to be followed by 3 years of supervised release.

Defendant pled guilty on July 24, 2006, to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Thereafter, the Probation Officer completed a Presentence Investigation Report. (ECF No. 43.) The report recommended a sentence of 97 to 121 months' imprisonment, followed by 2 to 3 years of supervised release based upon a Total Offense Level of 28 and a Criminal History Category of III. (*Id.* at 26–28.) On February 9, 2007, Defendant appeared before this Court for sentencing. This Court imposed a sentence of 121 months, a sentence at the high end of Defendant's guideline range, followed by 3 years of supervised release. (J., ECF No. 26.) Of this sentence, 61 months were to be served concurrently with a 16-year sentence imposed by the Hanover County Circuit Court, while the remaining 60 months were to be served consecutively. (*Id.*)

Defendant has completed serving his state sentence and he is currently serving the remainder of his federal sentence at FCI Danbury located in Danbury, Connecticut. Defendant is seventy-seven years old and suffers from numerous serious health conditions including hypertension, chronic lymphocytic leukemia, along with numerous bladder and urinary issues. (Def.'s Mem., ECF No. 40 at 2.) Additionally, Defendant is obese and has a history of kidney stones and adenoid cancer. (*Id.*) Several of these medical conditions are not well maintained and are progressively worsening during Defendant's time in prison, even though Defendant takes medication and undergoes treatments to manage each of these ailments.

First, Defendant's blood pressure remains high although he continues to take medication. (Mot., Ex. 3 at 9.) His most recent clinical visit measured his blood pressure

at 169/92, well above the normal range. (*Id.*)  Additionally, Defendant is in continuing

treatment for his chronic lymphocytic leukemia since his diagnosis in 2008. (Mot., Ex. 3,

5–6.)  This type of leukemia originates in the white blood cells and often progresses

slowly over time.  With this type of leukemia affecting white blood cells, Defendant's

immune system is compromised.  Along with his advanced age, the totality of his health

conditions demonstrate that Defendant is at a higher risk of suffering serious

complications if he were to be infected with COVID-19.

"'A judgment of conviction that includes a sentence of imprisonment constitutes a

final judgment' and may not be modified by a district court except in limited

circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations omitted)

(quoting 18 U.S.C. § 3582(b)).  This Court has no inherent authority to modify a

defendant's term of imprisonment once it has become final; rather, Congress must grant

this Court the power to do so. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir.

2010) (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009)).

Accordingly, this Court "'may not modify a term of imprisonment once it has been

imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing

Commission amends the applicable Guidelines range, or another statute or Rule 35

*expressly* permits the court to do so." *Id.* (quoting § 3582(c)).

As amended by the First Step Act, § 3582(c)(1)(A) authorizes courts to modify a

criminal defendant's sentence on grounds of compassionate release under two

circumstances.  Such a request must come before the court either: (1) "upon motion of the

Director of the Bureau of Prisons;" or (2) "upon motion of the defendant after the

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).[1]

In this case, the Bureau of Prisons has not made a motion on Defendant's behalf. Instead, Defendant submitted his request to the Warden of FCI Danbury on May 15, 2020, which the Warden denied on May 21, 2020. (ECF No. 40, Ex. 22.) Thereafter, Defendant appealed the Warden's denial and the request was denied on June 3, 2020. (*Id.*) Defendant filed his Motion, through counsel, seeking judicial relief on September 6, 2020. Thus, for this Court to adjudicate this matter, it must be the case either that Defendant filed his Motion after exhausting his administrative remedies or that thirty days have lapsed since Defendant submitted his request to the Warden. Defendant has exhausted his administrative remedies and has filed the Motion more than thirty days after the request to the Warden. Thus, Defendant's Motion is ripe for the Court's review.

As amended by the First Step Act, § 3582(c)(1)(A)(i) permits a court to modify a defendant's sentence when "extraordinary and compelling reasons warrant such a reduction."[2] In so doing, a court must consider the factors set forth in 18 U.S.C.

---

[1] Although outside the context of COVID-19, the Fourth Circuit has similarly suggested that these requirements must be satisfied prior to any determination of a defendant's motion for compassionate release on the merits. *See United States v. Galloway*, No. 2:10-cr-96-2–MSD–TEM, ECF No. 434 (E.D. Va. June 10, 2019) (denying motion for compassionate release after "assuming, without deciding, that Defendant [had] fully exhausted his administrative rights"), *aff'd*, No. 19-6952 (4th Cir. Jan. 22, 2020) (unpublished).

[2] The Court may also grant such a modification if it finds that the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under § 3559(c), for

§ 3553(a), including the need to promote respect for the law, deter criminal conduct, and protect the public. § 3582(c)(1)(A). The United States Sentencing Commission ("Sentencing Commission") issued guidance defining "extraordinary and compelling reasons," of which one sufficient reason is when a "defendant is suffering from a terminal illness . . . [or] a serious physical or medical condition." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1. (U.S. Sentencing Comm'n 2004); *see also United States v. Feiling*, _F. Supp. 3d_, No. 3:19-cr-112 (DJN), 2020 WL 1821457, at *3 (E.D. Va. April 10, 2020) (relying on the Sentencing Commission's non-binding policy statements to define "extraordinary and compelling reasons"). Consequently, a severe or terminal medical condition can alone justify a sentence modification. *See Feiling*, 2020 WL 1821457, at *3.

In this case, Defendant has set forth extraordinary and compelling reasons for his release due to his age and health conditions. As discussed above, Defendant's health conditions are serious, and several are not well managed. Defendant's age, obesity, and cancer diagnoses place Defendant at greater risk of serious complications from a COVID-19 infection, and Defendant's hypertension can increase the risk of contracting serious illness from COVID-19. Other courts have similarly granted motions for compassionate release in light of a defendant's increased risk of severe illness from COVID-19 due to severe underlying health conditions. *See, e.g., Woodard v. United States*, _F. Supp. 3d_,

---

the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community. § 3582(c)(1)(A)(ii). However, this provision is inapplicable here as Defendant does not appear to seek relief under this provision.

No. 2:12-cr-105, 2020 WL 3528413, at *2 (E.D. Va. June 26, 2020) (finding the defendant's age of seventy-seven years and underlying heart issues arising from multiple heart attacks extraordinary and compelling); *United States v. Muniz*; _F. Supp. 3d_, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020) (finding the defendant's underlying health conditions—end stage renal disease, diabetes, and hypertension—created a sufficient extraordinary and compelling reason to allow sentence modification). The Court finds that Defendant's age, serious and declining nature of Defendant's health conditions, and Defendant's heightened risk of complications from COVID-19, are extraordinary and compelling reasons sufficient to modify his sentence.

Additionally, this Court must consider the sentencing factors as set forth under § 3553(a)—such as the need to promote respect for the law, deter criminal conduct, and protect the public. Defendant has served over 80 % of his federal sentence and has less than two years in confinement remaining. Defendant is also considered at low risk for recidivism. (ECF No. 39, Ex. 20.) This period of confinement, along with Defendant's prior term of confinement for a related state sentence, serves the purpose of deterring Defendant from committing further criminal conduct. Moreover, Defendant has not received a single infraction during his time incarcerated. (ECF No. 42 at 2.) Defendant participated in numerous continuing education classes and programs, including the "Sex Awareness Program." (*Id.*; ECF No. 40, Ex. 11.) In addition, Defendant mentored younger inmates and designed and implemented prison ministry programs. (ECF No. 40, at 22.) The Government concedes that "the risk the [D]efendant poses to society appears to be limited to a prurient sexual interest in children." (ECF No. 42 at 6.) Thus, having

Defendant remain in custody while living in fear of contracting a serious illness due to COVID-19 will not promote respect for the law nor protect the public.

Accordingly, the Court finds that Defendant has exhausted his administrative remedies. Furthermore, the Court holds that Defendant's serious medical conditions are a sufficiently extraordinary and compelling reason to modify Defendant's sentence. The Court further finds that Defendant's release will not contravene the sentencing factors under § 3553(a). Thus, Defendant's Motion for Compassionate Release (ECF No. 39) will be granted and the remainder of Defendant's period of confinement will be served on home confinement.

An appropriate Order will accompany this Memorandum Opinion.

/s/
_____
Henry E. Hudson
Senior United States District Judge

Date: Nov. 5, 2020
Richmond, Virginia

7